IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERMAINE A. PETERS, | |
|    Plaintiff, | |
| v. | Civil Action No.: JRR-23-2206 |
| CHRISTINA TYLER, *et al.,* | |
|    Defendants. | |

**MEMORANDUM OPINION**

Plaintiff Jermaine A. Peters, a pre-trial detainee currently confined at Wicomico County Detention Center ("WCDC"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") accompanied by a motion for leave to proceed *in forma pauperis* on August 11, 2023. ECF Nos. 1, 2. Because Peters appears to be indigent, the Motion will be granted. For the reasons stated below, the complaint must be dismissed without prejudice.

    I.    Complaint Allegations

In his complaint, Peters alleges that Defendant Officer Richard Blevins violated his constitutional rights by opening and inspecting Peters' outgoing mail, and then turning the contents of his opened mail over to the prosecutor's office. ECF No. 1 at 6. He states that these actions violated his constitutional rights, Maryland law, and WCDC policy and procedure. *Id*. The prosecutor disclosed the letter shortly before Peters' scheduled trial, which resulted in a recusal by Peters' defense counsel and a postponement of Peters' trial date.[1] *Id.* Peters alleges that, by

---

[1] Peters does not disclose the contents of the letter in his Complaint other than to indicate that it was a letter to his sister, His attorney found that the contents presented a "conflict of interest" requiring recusal, and the prosecution considered it to be "newly discovered evidence." ECF No. 1 at 6.

opening his mail, Blevins violated a series of his constitutional rights, namely: the First Amendment (stating that Blevins "violated [his] right to correspondence"), the Fourth Amendment (stating that opening his mail amounted to an unreasonable search and seizure), the Sixth Amendment (stating that, because of Blevins' disclosure, Peters' counsel recused himself), and the Fifth and Fourteenth Amendments (stating that by giving the mail to the prosecutor, Blevins deprived him of due process). *Id.* at 5.

Peters also names Sergeant Richard Elliot as a Defendant because Elliot responded to a grievance directed to the Warden, violated WCDC policy and procedure, and "failed to acknowledge wrongdoing by Ofc. Blevins." *Id.* at 7. Finally, Peters names Warden Christina Tyler as a Defendant because she "failed to ensure her employees who handle mail knew policy and procedure." *Id.* Peters seeks two million dollars in damages. *Id.* at 14.

II. Analysis

A civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws"

of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Further, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.

It is well established that the doctrine of respondeat superior does not apply to § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

The claims against Defendants Tyler and Elliot are based solely on their roles as supervisors; Peters has failed to allege facts to support a reasonable conclusion that supervisory liability is appropriate here. Participation in a prison grievance process alone is not enough to impose liability on a supervisory defendant. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (allegation that warden "rubber stamped" grievances was not enough to establish

personal participation) citing *Whitington v.Ortiz,* 307 Fed, Appx. 179, 193 (10th Cir.2009) (unpublished) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations."). Without subjective knowledge, a prison official is not liable. *Farmer v. Brennan,* 511 U.S. 825, 846 (1994); *see Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998). Peters has not alleged conduct that supports a colorable claim of a constitutional violation because he alleges only that Tyler and Elliot responded to his administrative grievances in a manner with which he disagrees.

Peters also fails to allege conduct that amounts to a constitutional violation in connection with Defendant Blevins. Prisoners do have a constitutionally protected right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Moorehead v. Keller*, 845 F. Supp. 2d 689, 692 (W.D.N.C. 2012). However, "[b]ecause there is a substantial governmental interest in censoring certain materials from an inmate's outgoing mail, e. g., materials detrimental to the security, good order, and discipline of the institution, or dangerous to the public, there is *a fortiori* a legitimate penological interest in opening and inspecting an inmate's outgoing mail for such material." *Altizer v. Deeds*, 191 F.3d 540, 549 (4th Cir. 1999). Maryland law recognizes this need and permits a warden or designee to open outgoing mail where there is "clear evidence . . . to warrant inspection." Md. Code Regs. § 12.02.20.04.E (West 2023). Outgoing mail may be withheld when it contains contraband; is evidence of a violation of a rule or regulation; or is a basis for requesting an investigation. Md. Code Regs. § 12.02.20.04.E (2).

Peters' allegation that Blevins mishandled his mail does not state a constitutional claim. At best, Peters has pled that Blevins violated a state law, which does not state a federal claim. To the extent that a violation of state law did occur, Peters may raise that claim in state court either in the context of his criminal case or in a separate civil action. He additionally claims that prison

policy was violated; however, a violation of prison policy alone does not state a Fourteenth Amendment due process violation.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015) (citing *Myers*).  Such a claim may be addressed through the prison's administrative grievance process but does not amount to a federal constitutional claim.

Further, it appears from Peters' Complaint that he is still awaiting trial for the case underlying his claims.[2]  Thus, arguments that Blevins' actions have led to violations of his right to counsel and due process, or that the search of his outgoing mail was unreasonable, may be challenged in his underlying criminal case and are inappropriate for this Court to consider at this time.  The *Younger*[3] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit."  *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013).  "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action."  *Williams v. Lubin*, 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).  "Circumstances fitting within the *Younger* doctrine, . . . include . . . 'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that

---

[2] According to the electronic docket for Peters' criminal case, he is awaiting trial on 63 counts of CDS Possession with intent to distribute and related charges, and he is represented by the public defender's office.  *State v. Peters*, Case No. C-22-CR-22-000510 (Cir. Ct. for Wicomico Co. Sept. 26, 2022); http://casesearch.courts.state.md.us/casesearch/ (last visited Aug. 25, 2023).

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013), citing *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (1989). To the extent Peters wishes to challenge the propriety of the introduction of the letter to the State court, the impact it had on his right to counsel, or the reasonableness of the search that resulted in the discovery of the letter, he may do so in the context of his criminal case.

      A separate order follows.


_8.28.23_____                                                   _____/S/_____
Date                                                                Julie R. Rubin
                                                                         United States District Judge